UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS WADE,<br><br>           Plaintiff,<br><br>     v.<br><br>ATLAS VAN LINES INTERNATIONAL CORPORATION,<br><br>           Defendant. | CASE NO. C06-1216JLR<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the court on a motion for summary judgment from Defendant Atlas Van Lines International Corp. ("Atlas") (Dkt. # 14). Although Atlas has requested oral argument, the court finds this matter suitable for disposition based on the papers filed in support of and opposition to the motion. For the reasons stated below, the court GRANTS Atlas's motion.

## II. BACKGROUND

Plaintiff Thomas Wade, who is blind, alleges that Atlas, a freight company, discriminated against him by failing to hire him. He asserts claims under the

ORDER – 1

Washington Law Against Discrimination ("WLAD"), RCW § 49.60, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, for discrimination on the basis of his disability.

According to Mr. Wade, on August 3, 2005, he responded by email to a newspaper advertisement seeking applicants for a customer service position with Atlas. Wade Decl. at 1 (Dkt. # 20). That day, an Atlas employee called Mr. Wade, and asked if he could immediately come in for an interview. Id. at 2. Mr. Wade agreed and appeared for the interview. Id. Following the interview, Mr. Wade contends that Atlas informed him that it could not hire him because it did not have the facilities to accommodate him. Id. Thereafter, Mr. Wade filed a charge with the EEOC. Michael Decl., Ex. C (Dkt # 15).

While Atlas agrees that Mr. Wade submitted an application on August 3, 2005, it disputes that it interviewed him that day.[1] Atlas's records reflect that in April 2005, Mr. Wade submitted an application, that Atlas interviewed him at that time, but declined to offer him a position. See Second Micka Decl., Ex. B. (Dkt. # 25).[2] In regard to Mr. Wade's August 2005 application, Atlas contends that by August 3, 2005, it had already filled the position for which Mr. Wade applied. Micka Decl. ¶ 7 (Dkt. # 16). Atlas provides evidence that it placed a newspaper advertisement for a position entitled, "International Customer Service Representative," on July 10, 2005. Id. at ¶ 5, Ex. 1. It received several applications, and conducted interviews in the following weeks. Id. at ¶

---

[1] Atlas offers evidence indicating that Mr. Wade emailed his application materials at 8:55 p.m. on August 3, 2005. Second Micka Decl., Ex. A.

[2] Because Mr. Wade's complaint, the EEOC charge, and the papers filed in opposition to Atlas's motion, refer exclusively to his August 2005 application, the court does not address Atlas's apparent decision not to hire Mr. Wade in April 2005.

ORDER – 2

6. On July 25, 2005, Atlas offered the position to an applicant who accepted and commenced work on August 1, 2005. Id. ¶ 7.

Mr. Wade originally filed his complaint in state court. Atlas properly removed the action, and now moves for summary judgment.

### III.  ANALYSIS

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Galen v. County of Los Angeles, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing there is no material factual dispute and he or she is entitled to prevail as a matter of law. Celotex, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by producing evidence that negates an essential element of the non-moving party's case, or (2) after suitable discovery, by showing that the non-moving party does not have enough evidence of an essential element to carry its burden of persuasion at trial. Id. at 322-23; see also Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1106 (9th Cir. 2000). If the moving party meets its burden, the opposing party must present evidence to support its claim or defense. Cline v. Indust. Maint. Eng'g. & Contracting Co., 200 F.3d 1223, 1229 (9th Cir. 2000). For purely legal questions, summary judgment is appropriate without deference to the non-moving party.

**A.   Mr. Wade Does Not Set Forth a Prima Facie Case of Discrimination.**

In order to establish a prima facie claim of disability discrimination under the ADA or WLAD, Mr. Wade must prove the following elements: (1) he is a disabled person within the meaning of the respective statute; (2) he is qualified, with or without reasonable accommodation, to perform the essential functions of the job he seeks; and

ORDER – 3

(3) he suffered an adverse employment action because of his disability.  Braunling v. Countrywide Home Loans, Inc., 220 F.3d 1154, 1156-57 (9th Cir. 2000) (construing ADA); Reil v. Foodmaker, Inc., 94 P.3d 930, 936-37 (Wash. 2004) (construing WLAD). Viewing the evidence in the light most favorable to Mr. Wade, the court concludes that Mr. Wade has not set forth a prima facie case of unlawful discrimination.  Mr. Wade fails to present evidence as to the third prong of his prima facie case – that he suffered an adverse employment action.

Mr. Wade alleges that Atlas failed to hire him because of his disability for the position to which he applied on August 3, 2005.  Even assuming, as Mr. Wade contends, that Atlas interviewed him in August 2005,[3] Mr. Wade offers no evidence that a position was actually available on August 3, 2005.  Mr. Wade does not dispute that Atlas had already filled the International Customer Service Representative position by the time he submitted his application.  See Resp. at 3 (Dkt. # 18).  Because there was no position available for Mr. Wade to obtain, Atlas's decision not to hire him cannot be considered an adverse employment action.  See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981) (explaining that a prima facie case of employment discrimination requires a plaintiff to "prove by a preponderance of the evidence that she applied for an *available* position") (emphasis added); see also Bass v. City of Tacoma, 953 P.2d 129, 132 (Wash. Ct. App. 1998) (recognizing that an employer has no duty to *create* a position for a disabled applicant) (emphasis added).[4]

---

[3] Atlas vigorously disputes that it interviewed Mr. Wade in August 2005.  Mindful of its obligation to view the evidence in the light most favorable to Mr. Wade, the court accepts as true Mr. Wade's contention that Atlas interviewed him in August 2005.

[4] For the same reason, Mr. Wade's allegations also founder on the second prong of the prima facie test.  That is, Mr. Wade cannot show that he could perform the essential elements of a position that did not exist.

ORDER – 4

Nonetheless, Mr. Wade attempts to surmount this hurdle by arguing that Atlas discriminated against him for an unspecified position that may have opened in September and October 2005. He surmises that Atlas may have considered and rejected him for positions that later became available because Atlas retains applicants' resumes for three months following their submission. Atlas, however, presents testimony that it does not automatically review retained application materials as a matter of policy. Second Micka Decl. ¶ 8. According to Atlas's Human Resources Manager, Terri Micka, Atlas retains resumes for three months as a convenience to its applicants; if Atlas receives notification from a prior applicant that he or she is interested in another position within three months, Atlas will not require the applicant to submit new materials. Id. at ¶ 10. Mr. Wade presents no evidence that he applied for another position with Atlas in September or October 2005. Indeed, according to Atlas, no customer service positions became available during this period. Id. at ¶ 4.

Mr. Wade has failed to come forward with sufficient evidence to allow a reasonable juror to conclude that he suffered an adverse employment action. Accordingly, the court concludes that Mr. Wade has not set forth a prima facie case of discrimination. See Celotex, 477 U.S. at 323 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

**B.     Mr. Wade Is Not Entitled to a Continuance under Federal Rule of Civil Procedure 56(f).**

Mr. Wade requests a continuance under Rule 56(f) of the Federal Rules of Civil Procedure on the basis that he intends to conduct discovery to determine whether other customer service positions became available after he submitted the August 3, 2005 application. Rule 56(f) provides that if a party opposing summary judgment

ORDER – 5

demonstrates a need for further discovery in order to obtain facts essential to justify the party's opposition, the trial court may deny the motion for summary judgment or continue the hearing to allow for such discovery. In making a Rule 56(f) motion, a party opposing summary judgment "must make clear what information is sought and how it would preclude summary judgment." Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998) (quotations omitted).

Mr. Wade does not demonstrate how the additional discovery he seeks would preclude summary judgment. As described above, Atlas provides evidence that it does not automatically review retained resumes. Even assuming that Mr. Wade could show that a position later became available, there is no evidence that Mr. Wade applied for such position. The law does not impose upon Atlas the duty to consider Mr. Wade for positions to which he did not apply. Under the present circumstances, additional discovery would be futile.

### IV. CONCLUSION

For the foregoing reasons, the court GRANTS Atlas's motion for summary judgment (Dkt. # 14). The court directs the clerk to enter judgment consistent with this order.

Dated this 31st day of August, 2007

JAMES L. ROBART
United States District Judge

ORDER – 6